IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
RICKY SAMUEL ANDERSON,       )
                             )
            Plaintiff,       )   Civil Action No. 05-836
                             )
       v.                    )   Judge Cercone
                             )   Magistrate Judge Caiazza
AMY L. KEIM, ESQ.,           )
                             )
            Defendant.       )
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

It is respectfully recommended that the Defendant's Motion for Judgment on the Pleadings (Doc. 10) be granted.

The Plaintiff is a pre-trial detainee in the Westmoreland County Jail. The Defendant is his previously appointed criminal defense attorney.

The Plaintiff seeks recovery under 42 U.S.C. § 1983 ("Section 1983"). In order to establish liability, he must show, 1) the Defendant acted under the color of state law, and 2) as a result, the Plaintiff was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds,* Daniels v. Williams, 474 U.S. 327, 330-331 (1986). If the record does not reflect action taken under color of state law, a civil rights claim under Section 1983 fails as a matter of jurisdiction, Polk County v. Dodson, 454 U.S. 312, 315 (1981); there is no need to determine whether a federal right has been violated. Rendell-Baker v. Kohn, 457 U.S. 830, 838

(1982).

Appointed counsel in a state criminal prosecution, though paid and ultimately supervised by the State, does not act "under color of state law" with respect to acts taken in the normal course of conducting a defense.  Black v. Bayer, 672 F.2d 309 (3d Cir.), *cert. denied*, Stoica v. Stewart, 459 U.S. 916 (1982); Henderson v. Fisher, 631 F.2d 1115, 1119 (3d Cir. 1980).

Here, the Plaintiff has failed to allege any facts showing the Defendant acted outside the normal course of conducting a criminal defense.  He has failed to state a viable claim under Section 1983, and the Defendant's Motion should be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by July 13, 2006.  Responses to objections are due by July 24, 2006.


June 27, 2006

cc:

Ricky Samuel Anderson
3399-03
Westmoreland County Jail
3000 South Grande Boulevard
Greensburg, PA  15601

John K. Greiner, Esq. (via email)

Francis X. Caiazza
U.S. Magistrate Judge